## In re REALTY ASSOCIATES SECURITIES CORPORATION.

### No. 45024.

District Court, E. D. New York.

Feb. 28, 1945.

See, also, 56 F.Supp. 1008.

Lewis, Marks & Kanter, of Brooklyn, and Julius Silver, of New York City (Jack L. Rappaport, of New York City, of counsel), for Bondholders' Protective Committee.

Herrick & Feinstein, of Brooklyn (Abraham Feinstein, of Brooklyn, of counsel), for Bondholders' Directors' Committee.

MOSCOWITZ, District Judge.

This is a motion made by Bondholders' Protective Committee for an order directing Walter McMeekan, J. Lester Fierman, Frank E. Herma and Frederick S. Robinson, constituting the Bondholders' Directors' Committee, to jointly and severally pay to Bondholders' Protective Committee the disbursements incurred in the proceeding heretofore had for the disqualification of Bondholders' Directors' Committee.

A motion was heretofore made herein based upon a notice of motion and petition dated and verified January 26, 1944, respectively, by the Bondholders' Protective Committee to disqualify the Bondholders' Directors' Committee from acting as a committee of bondholders in this proceeding. In the consideration of such motion it was essential that testimony be taken and that the same be transcribed and submitted to the court and it was likewise essential that the counsel for the Bondholders' Protective Committee have a transcript of such testimony.

On motion of Bondholders' Protective Committee the Bondholders' Directors' Committee was disqualified from acting in this proceeding. The Bondholders' Protective Committee seeks to be reimbursed for the disbursements amounting to $323.25 which represents the cost of the transcript of the minutes taken by the court reporter.

No good reason has been advanced why the winning side, the Bondholders' Protective Committee, should not be reimbursed. It was successful on the application and its efforts were strenuously resisted by the Bondholders' Directors' Committee. It would be in the nature of a travesty if the Bondholders' Protective Committee should not be reimbursed. No authorities have been cited by the counsel to the Bondholders' Directors' Committee to the contrary. It therefore is decided that in a Chapter X, 11 U.S.C.A. §§ 501–676, proceeding a committee which is successful in disqualifying and ousting another committee is entitled to reimbursement for stenographer's minutes.

Motion granted. Settle order on notice.